***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to receive further evidence or to rehear the parties or their representatives. Upon review of the evidence, the Full Commission affirms with minor modifications the Deputy Commissioner's Decision and Order.
 ***********
Based upon all the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate of the North Carolina Department of Correction.
2. Plaintiff filed a Tort Claim affidavit with the North Carolina Industrial Commission against the North Carolina Department of Revenue alleging negligence on behalf of "Fred H. Gregory."
3. Plaintiff alleged that the Cabarrus County Sheriff's Office garnished $950.42 pursuant to a warrant issued twenty-five days prior to the date the funds were due. Plaintiff alleged that the warrant was negligently issued by the Department of Revenue.
4. Plaintiff's $950.42 was seized, pursuant to a warrant, on 17 July 1997.
5. Plaintiff filed this tort claim with the Industrial Commission on or about 7 November 2001.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 143-299, a tort claim must be filed with the Industrial Commission within three years after the accrual of the claim. Plaintiff's claim accrued on 17 July 1997. Plaintiff did not file this claim with the Industrial Commission until November 2001. Plaintiff failed to file his tort claim within three years from the accrual of the action. Plaintiff's claim must be dismissed.
2. Further, N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Plaintiff's affidavit alleges constitutional violations in the form of due process and equal protection violations. The Industrial Commission does not have subject matter jurisdiction over this claim.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of July 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER